## C. Jones & Harrington v. Scott.

### Opinion delivered January 4, 1915.

1. DAMAGES—AMOUNT—PERSONAL INJURIES.—Where plaintiff, an employee of a building contractor, was injured by the falling of a heavy iron "I" beam, fracturing his arm and leg and inflicting other serious injuries, and when plaintiff expended about six hundred dollars in paying the expenses of his injury, a judgment for $1,500 damages will not be held to be excessive.

2. NEGLIGENCE—PERSONAL INJURY—RES IPSA LOQUITUR.—Plaintiff was injured by the falling of an "I" beam by reason of the loosening of the supporting ropes by which the beam was being raised. *Held*, the doctrine of *res ipsa loquitur* had no application under the facts, but that the jury might find defendant negligent in not fastening the braces with sufficient strength.

3. CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY—PERSONAL INJURY.— In an action for damages for personal injuries when plaintiff, an employee of defendant, was injured by the falling of an "I" beam, and the evidence was conflicting as to what instructions were given to plaintiff with regard to passing under the beam, the question of defendant's negligence is for the jury.

4. EVIDENCE—ACTION FOR DAMAGES—PERSONAL INJURIES—CONTRACT—INDEMNITY—INSURANCE.—Defendants were contractors erecting a building for one M. Plaintiff, an employee of defendants, was injured by the falling of an iron beam. In an action by plaintiff against defendants and M. for damages, the contract between M. and defendants is admissible in evidence for the purpose of showing the nature of their relationship, and it is not error to permit to be read to the jury a portion of the contract which provides "contractor to carry accident insurance on persons working on building or premises."

5.  APPEAL AND ERROR—INSTRUCTIONS—HARMLESS ERROR.—It is not prejudicial error of which appellant can complain, in a personal injury action, to submit erroneously the issue of assumed risk to the jury, when the same issue was submitted to the jury in an instruction given at appellant's request.

6.  MASTER AND SERVANT—ASSUMPTION OF RISK.—If an employer acting through a constituted agent, calls a servant to a certain work and fails to warn him of the danger, the servant will not be deemed to have assumed the risk, if the danger was unknown to him and was not so obvious that a reasonably prudent man would not have undertaken to perform the service.

Appeal from Garland Circuit Court; *Calvin T. Cotham,* Judge; affirmed.

*Scott Wood,* for appellant.

1. The doctrine of *res ipsa loquitur* does not apply between master and servant. 79 Ark. 81; 51 *Id.* 479; 87 *Id.* 374; 46 *Id.* 555.

2. Appellee was guilty of contributory negligence. 70 Ark. 603; 36 *Id.* 149; 95 U. S. 439; 3 Labatt, Master and Servant, § 1251, note 8; 84 Ark. 377; 85 *Id.* 237; 96 *Id.* 461; 100 *Id.* 441; 77 *Id.* 405; Labatt, M. and S., vol. 3, § 1280. The danger was open and obvious. 4 Labatt, M. and S., § 1362-3.

3. There is error in the court's charge. The defenses of assumed risk and contributory negligence are separate and distinct. 77 Ark. 367; 89 *Id.* 424-8; 92 *Id.* 109; 3 Labatt, M. and S., § 1222-5; 36 Ark. 49.

4. It was error to admit as evidence the contract with Maurice. Abbott's Civ. Jur. Trials, 308; Abbott's Proof of Facts 51-404; 104 Ark. 1; 31 So. 790; 4 Labatt, M. and S., § 1593, note.

*B. H. Randolph* and *T. P. Farmer,* for appellee.

1. The evidence is overwhelming that defendants were guilty of negligence in the use of the hoisting apparatus. Negligence can be inferred where reasonably safe appliances are not provided. 95 U. S. 439. No warning was given. 106 Ark. 25; 95 Ark. 291, 295.

2. There is no error in the instructions. 77 Ark. 405; 2 Thompson on Negl., vol. 5, § § 5380 and 5345.

3. A servant does not assume the risk unless he is aware of the danger. 77 Ark. 367; 89 *Id.* 424; 92 *Id.* 109.

4. There was no error in admitting the contract as to insurance. The contract was only material to show whether appellants were independent contractors or not. No prejudice resulted. 104 Ark. 1; 99 Minn. 97; 9 Am. Cases 318; etc.

*A. J. Murphy*, for appellants in reply.

McCULLOCH, C. J. Appellants are contractors engaged in building houses, and, while putting up a building in the city of Hot Springs for one Maurice, they employed appellee as a laborer. He received personal injuries while engaged in his work and instituted this action against appellants and Maurice to recover compensation for his injuries. After all of the testimony was introduced, the court gave a peremptory instruction in favor of Maurice, but submitted to the jury the issues raised by the pleadings as to the liability of appellants, and the jury found against them, assessing damages in the sum of $1,500.

(1) Appellee was a common laborer, engaged in doing any kind of work about the building which he was called to do by Glenn, the foreman. He assisted the brick masons by carrying up brick and mortar, and also assisted the carpenters when directed to do so. At the time he was injured, the workmen had just raised a heavy iron beam called an "I" beam, and after it was raised it fell to the pavement, and appellee being, as the evidence tends to show, ascending a ladder from the cellar below, to the pavement, it fell on him and fractured his arm and also his leg and inflicted other serious injuries. He was confined to a hospital for ten days and suffered great pain. He expended about $600 in hospital and physician fees and in paying other expenses of his illness. There is no question about the assessment of damages being excessive if he is entitled to recover anything at all.

It was a two story building and the walls of the upper story had been built, the front of the building still

being open. The beam was to be raised to the floor of the second story and placed, or "seated" as it is termed, with the ends projecting into the walls on each side. It was very heavy and was raised by means of a block and tackle, suspended on a snub-beam, extending out a few feet over the sidewalk. The snub-beam was constructed of two 2x14 pieces of timber, twenty-six feet long, extending over two other upright pieces 2x14, which carried the weight. The two pieces forming the snub-beam were placed together, resting on edges, and at the back ends were fastened by cleats. Two braces were used over the front end of the snub-beam, being pieces 2x6 in dimensions, and extending from either wall over the beam, being spiked together and also spiked to the beam. Appellee and four or five other men were placed in the cellar to raise the beam by pulling on the rope, and when it was raised up above the place where it was to be seated, the rope was tied to a beam or pillar in the cellar to hold it in place until ready to be lowered into its seat. The beam was raised in that way and the rope tied in the cellar and appellee went up a ladder to the pavement for the purpose of going up to the second story to wait on the brick masons, and just as he got up to the pavement on the ladder the "I" beam fell from above and struck him. The testimony shows that one of the 2x6 braces broke loose, which released the two pieces constituting the snub-beam, and they rolled over, which caused the "I" beam to fall. The negligence of appellants, if any, consisted in failing to securely fasten the braces so that they could not come loose. It is not contended that any of the timbers broke; therefore, there was no negligence in any other respect.

(2) It is insisted that the evidence is not sufficient to sustain the charge of negligence. Appellants introduced a number of witnesses who testified that the appliance for raising the "I" beam was constructed in the most approved method and was the customary way of doing it, and their testimony tended to show that there was no negligence in the way in which this appliance was con-

structed. We think, however, the jury were warranted in finding that the braces were not spiked or nailed with sufficient strength—either that the nails were too small or not driven in far enough, and that there was negligence in this respect. While the doctrine of *res ipsa loquitur* is not applicable, the jury were warranted in finding from a description of the appliance, and the manner in which the braces came loose, that they were not nailed with sufficient security, and that there was negligence in that respect. This was an appliance which was furnished by appellants and they owed the duty to the servant to exercise ordinary care to see that it was reasonably safe. The happening of the injury itself did not necessarily make out a case of negligence, but under the circumstances the jury could draw the inference that these braces were not put together with sufficient strength.

(3) It is also contended that the undisputed evidence shows that the plaintiff was directed not to come out under the beam, and for this reason he was guilty of contributory negligence and the verdict in unsupported. There is a conflict in the testimony as to what took place and our conclusion is that there was enough to go to the jury on the question of contributory negligence. Mr. Jones, one of the appellants, and also the foreman, testified that they gave appellee specific directions along with the other workmen not to go underneath the beam. They testified also that when the beam was raised, and the rope was tied so as to keep it suspended until they were ready to seat the beam, the other men in the cellar were called out, but that the appellee and another one of the workmen were told to remain there for the purpose of holding the ropes. The testimony of appellee, while not as definite in detail as that of the appellants, tends to show that he was not given any such direction, but that the foreman called out to the men in the cellar to come out for the purpose of waiting on the bricklayers. The jury might have found from the testimony that they were told to come out of the cellar for the purpose of waiting on the bricklayers in the upper story and that the plaintiff came

out to perform the duty he was called to do. The question of appellee's contributory negligence was, under the circumstances, one for the jury to determine. He had the right to rely to some extent on the assumption that appellants had performed their duty in providing a reasonably safe appliance to hold the beam and that it would not drop on him. Therefore, in passing beneath it to get to his work, he was not guilty of negligence, unless, as claimed by appellants, he was specially warned not to place himself there. He was not, as a matter of law, guilty of contributory negligence, unless he was warned not to place himself in that position. In other words, it was, under the proof, a question for the jury to determine whether or not he was guilty of negligence in passing under the beam, and as that question was properly submitted to the jury the verdict on that issue should not be disturbed.

(4)  Error is assigned in permitting to be read to the jury the contract between appellants and Maurice, containing the following clause: "Art. 11-A. Contractor to carry accident insurance on persons working on buildings on premises." No objection was made to the introduction of the contract except the particular clause quoted above. The contract was introduced for the purpose of showing the relation between appellants and Maurice, for the jury to determine whether appellants were employees or agents, or whether they were independent contractors. The contract related exclusively to the question of the liability of Maurice and could not affect the question of appellant's liability, for it is conceded that appellee was working for them and that they were responsible for the appliance furnished for raising the beam. The ground of the objection to the introduction of this clause of the contract was that it conveyed to the jury the information that the contractors were to furnish insurance and might have induced the jury to find a verdict against them because they were protected by insurance. There was no attempt to prove that they carried accident insurance, but, on the contrary, the court

instructed the jury that they could only consider the contract in evidence for the purpose of determining whether or not appellants were independent contractors. We think it was proper, with that explanation, to let the whole contract go to the jury so that they might, in passing on the question of Maurice's liability, determine whether or not the contractors were his servants or whether they were independent contractors in the sense that he was not responsible for their conduct. This particular clause had some bearing upon the question as to whether they were independent contractors or mere employees. We find no error in that ruling of the court.

(5) It is insisted that the court erred in giving instruction No. 1 on the subject of assumption of risk. The principal ground of the objection to this instruction is that appellants did not plead assumed risk as a defense and the court should not have submitted it to the jury. It may be said at the outset that if their position be well taken, the error was not prejudicial. Be that as it may, however, if there was an error of the court it was acquiesced in by appellants, who requested several other instructions which, in fact, submitted the issue of assumption of risk. This is particularly true of instruction No. 10, given at appellant's request, which told the jury that if the plaintiff and other employees were warned by the foreman in charge of the work to stay out from under the beam, there could be no recovery. While this instruction did not specifically use the words "assumed risk," it necessarily referred to that principle.

(6) Another objection made to the same instruction is that it in effect told the jury that appellee would not be deemed to have assumed the risk if he was called upon to perform service at that place without warning of the danger. It is said that this is erroneous because it fails to specify that the call to service must have been made by one authorized to make the call, otherwise the appellee would not be relieved from the assumption of risk by obeying the call. This argument is not sound,

for the language of the instruction implies the call to service by one in authority. The instruction necessarily means that if the employers, acting through constituted agents, called the servant to do a certain work and failed to warn him of the danger, he would not not be deemed to have assumed the risk if the danger was unknown to him and was not so obvious that a reasonably prudent man would not have undertaken to perform the service.

There are other assignments with respect to the instructions given by the court, but we are of the opinion that the case was properly submitted to the jury. The other assignments are not of sufficient importance to call for a discussion.

Judgment affirmed.